UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JULIAN R. HOOD, JR.,

    Plaintiff,

v.

LOUIS DEJOY,

    Defendant.

_____/

Case No. 1:24-cv-1295

HON. JANE M. BECKERING

## MEMORANDUM OPINION AND ORDER

Plaintiff, proceeding pro se, initiated this lawsuit in December 2024, asserting a right-of-restoration claim arising out of the 2004 termination of his employment with the Postal Service and 2005 EEOC settlement agreement. Plaintiff has filed at least 18 prior lawsuits in U.S. district courts and several more lawsuits in the Federal Court of Claims. In May 2025, Defendant filed a motion to dismiss, requesting not only dismissal but also that the Court sanction Plaintiff by placing him on the restricted filer list due to his vexatious litigation history. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court dismiss this lawsuit as barred under the doctrine of res judicata and place Plaintiff on the restricted filer list. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Memorandum Opinion and Order.

Regarding the Magistrate Judge's application of the doctrine of res judicata, Plaintiff argues that the Magistrate Judge erred in "fail[ing] to consider that prior rulings did not adjudicate the new theories or evidence that Plaintiff raises" (Pl. Obj., ECF No. 23 at PageID.160). According to Plaintiff, Defendant's recent breach of the settlement agreement gives rise to a new, independent cause of action that occurred after his prior cases concluded (*id.* at PageID.160–162).

Plaintiff's argument lacks merit. In applying the doctrine of res judicata, courts do not look at the specific injuries that a plaintiff alleges but at the underlying transaction that gives rise to those injuries. *Wheeler v. Dayton Police Dep't*, 807 F.3d 764, 767 (6th Cir. 2015). While Plaintiff has continued to initiate "new" administrative and judicial proceedings, his claim to having his employment restored arose, if at all, when he signed the 2005 settlement agreement waiving such right, and he could have raised such claim in any of his prior lawsuits. *See* 2005 Settlement ¶ 5, ECF No. 1-1 at PageID.20. *See, e.g.*, *Hamilton v. State Farm Fire & Cas. Co.*, 127 F.3d 1102, at *2 (6th Cir. 1997) ("The fact that the plaintiff now asserts alternative theories of recovery and seeks a different remedy does not allow him to avoid claim preclusion, when these other theories could have been asserted and remedies could have been sought in the earlier action."); *see also Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006) (relying on *Hamilton* to hold that claim preclusion was justified where the second case arose from the same underlying events as the first case).

Regarding the Magistrate Judge's recommended sanction, Plaintiff argues that "[r]epetitive filings regarding a longstanding employment dispute alone do not justify pre-filing restrictions" (Pl. Obj., ECF No. 23 at PageID.158). Plaintiff also argues that this Court should consider alternatives, such as warnings, monetary sanctions, or case-specific restrictions (*id.* at PageID.159). Last, Plaintiff contends that he was never given the opportunity to contest the

proposed sanction, which violates due process (*id.*). Plaintiff's arguments are misplaced. The Magistrate Judge did not recommend the filing sanction based solely on the number of cases Plaintiff filed, and the Magistrate Judge expressly considered—but rejected—imposing a monetary sanction. Last, the filing of Plaintiff's objection at bar is his realized opportunity to object to the proposed sanction.

In sum, the Court agrees with the Magistrate Judge that Plaintiff's long pattern of filing baseless pleadings against Defendant warrants the recommended filing sanction. *See Stewart v. Fleet Fin.*, No. 99-2282, 2000 WL 1176881, at *2 (6th Cir. Aug. 10, 2000) ("A district court has the authority to issue an injunctive order to prevent prolific and vexatious litigants from filing pleadings without first meeting pre-filing restrictions." (collecting cases)). The narrowly tailored filing restriction sufficiently protects Plaintiff's rights while ensuring that Defendant and the Court will not waste time and resources on claims and issues that have already been resolved.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 23) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 22) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion to Dismiss (ECF No. 12) is GRANTED, and Plaintiff's Complaint (ECF No. 1) is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff is prohibited from filing new lawsuits challenging his Postal Service termination and the 2005 settlement agreement. Before filing any future action, Plaintiff must file a motion—accompanied by his proposed complaint and a copy of

this Order—seeking certification that his claims are unrelated to his Postal Service termination and the 2005 settlement agreement.

Dated: November 4, 2025                    /s/ Jane M. Beckering
                                           JANE M. BECKERING
                                           United States District Judge